UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN LOPEZ,

        Plaintiff,

    v.

PAUL CHAPPIUS, JR., et al.,

        Defendants.

**DECISION AND ORDER**

6:17-CV-06305 EAW

_____

## BACKGROUND

Plaintiff John Lopez ("Plaintiff"), proceeding *pro se*, is a state prisoner currently housed at the Green Haven Correctional Facility. In his amended complaint, Plaintiff alleges a claim under 42 U.S.C. § 1983 for First Amendment violations based on a failure to provide Plaintiff with religious meals while confined at the Elmira Correctional Facility ("Elmira"). (Dkt. 8 at ¶¶ 12, 39). On September 24, 2018, the Court issued a Decision and Order granting Plaintiff's motion to proceed *in forma pauperis* and conducting an initial screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Dkt. 7). In the September 24, 2018 Decision and Order, among other rulings, the Court dismissed all claims against defendants in their official capacities. (*Id.* at 16 n.4).

Almost three years later—on June 28, 2021—Plaintiff filed a motion for reconsideration of that portion of the September 24, 2018 Decision and Order dismissing the claims against defendants in their official capacities. (Dkt. 27). For the reasons that follow, the Court denies Plaintiff's motion for reconsideration.

## FACTUAL BACKGROUND

Plaintiff's factual allegations are set forth in detail in the Court's Decision and Orders of September 24, 2018 (Dkt. 7), May 13, 2020 (Dkt. 10), and March 8, 2021 (Dkt. 19). To briefly summarize, Plaintiff asserts claims under 42 U.S.C. § 1983 for First Amendment violations based on a failure to provide Plaintiff with seventeen Rastafarian Holy Feast Day Meals while confined in the Involuntary Protective Custody Unit at Elmira between June 5, 2012, and March 31, 2015. (Dkt. 8 at ¶¶ 12, 39). Plaintiff asserts this claim against four defendants: Paul Chappius, Jr., identified as the Elmira Superintendent; John Mizgala, identified as Deputy Superintendent of Programs; Frank Rhodes, identified as Assistant Deputy Superintendent of Programs; and T. Hawk, identified as Religious Coordinating Chaplain (collectively "Defendants"). (*Id.* at ¶¶ 5-8).

## DISCUSSION

Plaintiff seeks reconsideration of the portion of the September 24, 2018 Decision and Order dismissing claims against Defendants in their official capacities. For the reasons set forth, Plaintiff does not meet the standard for reconsideration.

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin*

*Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam*, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, Plaintiff's motion fails to satisfy the standard for reconsideration. In dismissing the claims against defendants in their official capacities, the Court noted that the Eleventh Amendment barred such claims. (Dkt. 7 at 16 n.4). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted); *see also Harris v. Brennan*, No. 3:21CV906 (MPS), 2021 WL 4593611, at *4 (D. Conn. Oct. 6, 2021) ("To the extent that he seeks punitive and compensatory damages from the defendants in their official capacities for violations of his Eighth Amendment rights, those claims for relief are barred by the Eleventh Amendment and are dismissed under 28 U.S.C. § 1915A(b)(2)."); *Dubarry v. Capra*, No. 21-CV-5487 (KMK), 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) ("Moreover, the individual defendants are all DOCCS employees and thus state agents. The Eleventh Amendment therefore also bars the claims for damages against the individual

defendants in their official capacities, and these official-capacity claims are also dismissed.").

In addition to his inordinate delay in seeking reconsideration, Plaintiff provides no justification for his motion other than a disagreement with the Court's ruling. *See United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 27) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:   October 12, 2021
         Rochester, New York