UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN LOPEZ,

                              Plaintiff,

        v.

PAUL CHAPPIUS, JR.,
Superintendent of Elmira Correctional Facility,
et al.,

                              Defendants.
_____

<u>DECISION & ORDER</u>

17-CV-6305EAW

On May 15, 2017, *pro se* plaintiff John Lopez ("plaintiff") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First Amendment rights by failing to provide him with seventeen Rastafarian Holy Feast Day meals while confined at Elmira Correctional Facility. (Docket ## 8, 19). Pending before this Court is plaintiff's motion to compel. (Docket # 45).

Plaintiff's motion, which was filed on February 18, 2022, seeks an order compelling defendants to produce the documents requested in plaintiff's First Set of Requests for the Production of Documents served on December 27, 2021. (*Id.*). Plaintiff's motion is accompanied by his Declaration affirming, among other things, that he communicated with counsel on two occasions (once by letter and once by video at his deposition) to inquire about the overdue responses. (*Id.* at ¶¶ 5, 7). His motion states that counsel responded to his February 10 inquiry at the deposition by indicating that counsel intended to respond. (*Id.* at ¶ 7). When plaintiff failed to receive a response by February 14, he filed the pending motion for an order

compelling defendants to respond and seeking sanctions in the amount of $15 per day for "waste of Judicial Economy." (*Id.* at ¶ 17).

On March 3, 2022, defendants served and filed a written response to the outstanding requests, accompanied by a copy of Directive 4202, entitled "Religious Programs and Practices." (Docket # 47). In the written response, defendants indicated that documents responsive to the vast majority of the requests no longer existed, but that the facility was searching to determine whether log book records still existed and, if so, they would be produced with appropriate redactions. (*See id.*). On the same date, defendants filed their opposition to the pending motion noting that counsel had explained to plaintiff "on numerous occasions [that] because the underlying events are alleged to have occurred in 2012-2015, and the instant suit was not served until mid-2020, the documents [p]laintiff sought pertaining to the incidents at bar, such as grievance files, holiday packages, and menu documents, are no longer extant." (Docket # 49 at 1). Counsel indicated that defendants filed the formal response to the discovery request "[o]ut of an abundance of caution." (*Id.* at 2).

In reply, plaintiff requests the entry of default judgment as a sanction for defendants' belated response. (Docket # 58). Plaintiff has not come forward with any evidence to refute or discredit defendants' representation that they no longer have most of the documents requested because the lawsuit was filed after the documents were purged in accordance with facility policy and practice. "Of course, [a] court cannot compel defendant to produce documents that do not exist." *Bonano v. Tillinghast*, 2021 WL 1117027, *4 (W.D.N.Y. 2021); *accord Pierre v. Cnty. of Nassau*, 2022 WL 2872651, *10 (E.D.N.Y. 2022) (collecting cases). As for the formal response, plaintiff's motion for an order compelling it is moot because defendants have now served and filed a formal response. *See, e.g.*, *Yancey v. Pancoe*, 2022 WL

2

2841917, *1 (W.D.N.Y. 2022) ("[b]ecause defendants served their initial disclosures [after the motion was filed,] any request for an order compelling them to do so is now moot").

Although plaintiff is correct that defendants were required to file a formal response – and were not permitted to choose whether or not to do so "out of an abundance of caution" – sanctions in the form of a default judgment are not warranted.  First, a default judgment was not sought in plaintiff's original motion and may not be requested in reply.  *See, e.g.*, *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("[a]rguments may not be made for the first time in a reply brief"); *Heard v. Statue Cruises LLC*, 2020 WL 1285456, *10 (S.D.N.Y. 2020) ("the [c]ourt declines to consider a request for monetary sanctions made for the first time in a reply brief").  Second, such extreme sanctions are plainly not warranted on this record.  *See, e.g.*, *Yancey v. Pancoe*, 2022 WL 2841917 at *2 ("the standard for justifying case-dispositive sanctions is high"); *Richard v. Dignean*, 2017 WL 3083916, *3-4 (W.D.N.Y. 2017) (finding that harsh sanctions, such as striking the pleadings, dismissal, and preclusion, were not justified where an attorney's late discovery responses "resulted from their counsel's lack of appropriate diligence, not from any bad faith").  With respect to plaintiff's request for the imposition of financial sanctions of $15 per day during the delay period for judicial waste, that application is denied.  Plaintiff has not demonstrated that he incurred any costs associated with filing the motion to compel.  In the absence of such a showing, this Court declines to impose financial sanctions.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
        July 27, 2022