UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN LOPEZ,

                      Plaintiff,

      v.

PAUL CHAPPIUS, JR., et al.,

                      Defendants.
_____

DECISION & ORDER

17-CV-6305EAW

        Currently pending before this Court is a motion by plaintiff John Lopez for sanctions against the defendants. (Docket # 69). In his motion, Lopez requests that the Court "disregard" the transcript of his deposition taken on February 20, 2022, because defendants delayed providing him a copy of the transcript. (*Id.*). Alternatively, he seeks monetary sanctions for defendants' delayed production of the transcript. (*Id.*). Defendants oppose the motion. (Docket # 71).

        This is not the first time Lopez has raised an issue regarding the transcript of the February deposition. By letter dated August 15, 2022, Lopez requested a copy of the transcript for his February deposition, indicating that he needed the transcript in order to respond to defendants' pending motion for summary judgment. (Docket # 67). By Order dated September 13, 2022, the Court directed defendants to provide plaintiff a copy of the transcript. (Docket # 68). Defendants complied with the Court's Order, and on September 14, 2022, mailed the transcript to Lopez. (Docket # 71 at ¶ 4).

        Lopez now asserts that he does not require the transcript to oppose the summary judgment motion and requests that the Court "disregard" it. (Docket # 69). Counsel for

defendants represents that he attempted to depose Lopez on February 10, 2022, but that the deposition was adjourned shortly after it commenced due to technical difficulties. (Docket # 71 at ¶ 1). The deposition was completed on April 4, 2022. (*Id.*).

Lopez's motion appears to assume that defendants are obligated to provide him with a copy of the deposition transcript. Nothing in the Federal Rules of Civil Procedure, however, requires a party to provide deposition transcripts to the opposing party where, as here, the opposing party does not cite to or rely upon the transcript in his or her summary judgment motion.[1] *See Smith v. Miami-Dade Cnty.*, 2014 WL 407343, *3 (S.D. Fla. 2014) ("[i]f [p]laintiff wants a copy of the deposition transcripts at this stage of the case, [p]laintiff should order a copy from the court reporting agency") (collecting cases). Although Lopez maintains that counsel for defendants represented that he would be provided with a copy of the February deposition "several months ago" (Docket # 69), he does not represent that he ever asked defendants for a copy of the transcript prior to his August 15, 2022, letter to the Court.

On this record, Lopez's motion for sanctions **(Docket # 69)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       October 21, 2022

---

[1] This Court's local rules do require that a copy of the deposition transcript be filed with the Court in cases involving incarcerated *pro se* litigants. *See* W.D.N.Y. Local Rule 5.2(f)(1)(C)